# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

HANDHEL CARRE,

Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 (names that are fictitious), Individually, NASSAU HEALTH CARE CORPORATION, and MEDICAL PERSONNEL JOHN DOE 1-6 (names that are fictitious), Individually,

Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**CASE NO.:**

**TRIAL BY JURY DEMANDED**

Plaintiff, by his attorneys, PANETTA AMINOV, PC, complaining of the defendants, respectfully alleges, upon information and belief, the following:

## INTRODUCTION

1. This action arises from the unjustified and brutal assault of Plaintiff HANDHEL CARRE, a disabled person, by Defendant NASSAU COUNTY CORRECTIONS OFFICER JOHN DOE 1 that was so severe that it resulted in Plaintiff suffering a fractured mandible.

2. Prior to the assault, Plaintiff was being processed for intake at the Nassau County Correctional Center by Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6. When Plaintiff, due to his disabilities and conditions, did not immediately comply with John Doe 1's command to change from his street clothes into prison garb, Defendant NASSAU COUNTY CORRECTIONS OFFICER JOHN DOE 1 punched Plaintiff in the head, causing Plaintiff to fall to the ground. Once Plaintiff was on the floor, Defendant NASSAU COUNTY CORRECTIONS OFFICER JOHN DOE 1 continued punching Plaintiff in the face and head repeatedly. Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 2-6

assisted Defendant NASSAU COUNTY CORRECTIONS OFFICER JOHN DOE 1 in the assault by standing together in a position that would block a security camera from capturing the attack. At no point did Plaintiff fight back or otherwise become combative.

3. All of the aforementioned Nassau County Corrections Officers then conspired to cover-up or hide the event wherein Plaintiff was injured after being punched and assaulted by the gang of officers. When medical personnel at the jail became aware of the incident and injuries, they broke with protocol and screening, and failed to send Plaintiff to the hospital. Plaintiff was then placed in solitary confinement for two weeks as a means of covering-up the assault and preventing him from obtaining proper medical attention. Plaintiff accuses the officers and medical personnel of conspiracy in the cover-up of the assault and the deprivation of his rights.

4. Plaintiff seeks redress and compensation against all Defendants for their intentional and negligent acts and omissions that deprived Plaintiff of his rights and resulted in him suffering serious physical injuries.

## JURISDICTION

5. This action is brought pursuant to 42 USC §§ 1981, 1983, 1985, 1986, 12132, and the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Constitution and the laws of the State of New York.

6. Jurisdiction is founded upon 28 USC §§ 1331, 1343, and 2202. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate pendent State Law claims pursuant to 28 USC § 1367.

## PARTIES

7. Plaintiff HANDHEL CARRE is presently a resident of Suffolk County, State of New York, and was a resident of Nassau County, State of New York at the time of the subject incident.

8. Defendant COUNTY OF NASSAU is a county within the State of New York and the public employer of Defendants Nassau County Corrections Officers John Doe 1-6.

9. Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 (names that are fictitious) are the corrections officers who were involved in the subject incident whose true names are unknown to Plaintiff at this time. All Defendants are sued individually and in their official capacity.

10. At all times herein mentioned, Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 were employees, agents, and/or servants of Defendant COUNTY OF NASSAU, acting within the scope of their employment with the Nassau County Sherrif's Department.

11. Defendant NASSAU HEALTH CARE CORPORATION is a public benefit corporation that is the employer of Defendants MEDICAL PERSONNEL JOHN DOE 1-6 (names that are fictitious).

12. Defendants MEDICAL PERSONNEL JOHN DOE 1-6 (names that are fictitious) are medical personnel working within the Nassau County Correctional Center whose true names are unknown to Plaintiff at this time. All Defendants are sued individually and in their official capacity.

**FACTS**

13. Upon information and belief, on or about October 14, 2023, Plaintiff HANDHEL CARRE went to the County Court of Nassau County, located at 262 Old Country Road Mineola, New York 11501, to turn himself in on a warrant.

14. Upon information and belief, Plaintiff was then transferred to the Nassau County Correctional Center, located at 100 Carman Avenue, East Meadow, NY 11554, and began intake procedures at the satellite building.

15. Upon information and belief, the subject incident occurred at approximately 4:00 PM while Plaintiff was being processed for intake by Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN Doe 1-6 at or near the area where new inmates change from their street clothes to prison garb in the satellite building.

16. Upon information and belief, Plaintiff, due to his disabilities and conditions, did not immediately comply with Defendant NASSAU COUNTY CORRECTIONS OFFICER JOHN DOE 1's command to change from his street clothes into prison garb, Defendant NASSAU COUNTY CORRECTIONS OFFICER JOHN DOE 1 punched Plaintiff in the head, causing Plaintiff to fall to the ground, in order to secure Plaintiff's compliance.

17. Upon information and belief, once Plaintiff was on the floor, Defendant NASSAU COUNTY CORRECTIONS OFFICER JOHN DOE 1 continued punching Plaintiff in the face and/or head repeatedly, causing Plaintiff to sustain a fractured mandible.

18. Upon information and belief, Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 2-6 assisted JOHN DOE 1 in the assault by standing together in a position that would intimidate Plaintiff and block a security camera from capturing the attack.

19. Upon information and belief, Plaintiff did not fight back or otherwise become combative during the assault.

20. Upon information and belief, Plaintiff was then transferred to solitary confinement by Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 without receiving any medical attention or treatment for his injuries or pre-existing medical conditions.

21. Upon information and belief, Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 and Defendants MEDICAL PERSONNEL JOHN DOE 1-6 conspired to forego Plaintiff's medical screening in an effort to cover-up the assault and Plaintiff's injuries.

22. Upon information and belief, Plaintiff remained in solitary confinement for approximately two weeks without any medical treatment for his injuries or pre-existing medical conditions.

23. Upon information and belief, during those two weeks in solitary confinement, Plaintiff was visited at his cell by medical personnel. At one point, Plaintiff was given Tylenol by the medical personnel. Another time, also at Plaintiff's cell, the medical personnel refused to show Plaintiff the medication that was being offered to him was.

24. Upon information and belief, although Plaintiff informed Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 and Defendants MEDICAL PERSONNEL JOHN DOE 1-6 that he needed medication for his psychiatric conditions and for the injuries he sustained as a result of the aforementioned assault, Plaintiff did not receive any medical attention or treatment while in solitary confinement.

25. Upon information and belief, Plaintiff was finally transferred to Nassau County Medical Center (hereinafter "NUMC") for psychiatric care after approximately two weeks in solitary confinement without any medical care.

26. Upon information and belief, Plaintiff was told by medical staff at NUMC that he had sustained a fractured mandible.

27. Upon information and belief, Plaintiff was hospitalized at NUMC for approximately one week.

28. Upon information and belief, Plaintiff was interviewed by Internal Affairs officers approximately one day after his discharge from NUMC when he was back in Nassau County Correctional Center. These Internal Affairs officers told Plaintiff that the incident would not have occurred if he had just taken his medications.

**COUNT I**

**42 U.S.C. § 1985 CLAIM FOR CONSPIRACY AGAINST NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6**

29. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

30. Upon information and belief, Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 engaged in a civil conspiracy with each other, reaching an agreement between themselves, either expressly and/or implied, to achieve an unlawful end by causing Plaintiff unconstitutional injuries and carrying out overt acts in furtherance of that goal, resulting in Plaintiff suffering damages.

31. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

**COUNT II**

**42 U.S.C. § 1985 CLAIM FOR CONSPIRACY AGAINST NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 AND NASSAU COUNTY CORRECTIONS MEDICAL PERSONNEL JOHN DOE 1-5**

32. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

33. Upon information and belief, Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 and Defendants MEDICAL PERSONNEL JOHN DOE 1-6 engaged in a civil conspiracy with each other, reaching an agreement between themselves, either expressly and/or implied, to achieve an unlawful end by causing Plaintiff unconstitutional injuries and carrying out overt acts in furtherance of that goal, resulting in Plaintiff suffering damages.

34. Upon information and belief, Defendant NASSAU HEALTH CARE CORPORATION employed Defendants MEDICAL PERSONNEL JOHN DOE 1-6.

35. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

**COUNT III**

**42 U.S.C. § 1983 CLAIM AGAINST ALL DEFENDANTS FOR FALSE IMPRISONMENT**

36. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

37. Upon information and belief, all Defendants, by their conduct and under color of law, deprived Plaintiff of his constitutional right to be free from false imprisonment.

38. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

**COUNT IV**

**42 U.S.C. § 1983 CLAIM AGAINST ALL DEFENDANTS FOR UNREASONABLE AND EXCESSIVE FORCE**

39. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

40. Upon information and belief, Defendant NASSAU COUNTY CORRECTIONS OFFICER JOHN DOE 1 used unreasonable and excessive force on Plaintiff by striking Plaintiff in the face/head multiple times while Plaintiff behaving in a non-violent, non-aggressive manner.

41. Upon information and belief, Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 2-6 assisted in the aforementioned use of unreasonable and excessive

force by standing in a manner that intimidated Plaintiff while blocking a nearby video camera from capturing the incident, and by failing to stop the attack from continuing.

42. Upon information and belief, Plaintiff did not respond with force or aggression at any point during Defendant NASSAU COUNTY CORRECTIONS OFFICER JOHN DOE 1's vicious attack.

43. Defendant COUNTY OF NASSAU is liable for the aforementioned unreasonable and excessive use of force by Defendant NASSAU COUNTY CORRECTIONS OFFICER JOHN DOE 1 and the acts of Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 2-6 because the unreasonable and excessive use of force occurred while the aforementioned Defendants were acting within the scope of their employment.

44. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

**COUNT V**

**42 U.S.C. § 1983 CLAIM AGAINST ALL DEFENDANTS FOR VIOLATIONS OF THE FIRST, NINTH, AND FOURTEENTH AMENDMENTS**

45. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

46. Upon information and belief, Defendants' conduct, under color of state law, deprived Plaintiff of his right to have access to the courts and right to seek redress therein.

47. Upon information and belief, Defendants engaged in a cover-up in an effort to conceal the wrongful and unlawful acts that were committed upon Plaintiff.

48. Upon information and belief, Defendants continue to conceal the truth of the subject incident to the detriment of Plaintiff.

49. Upon information and belief, Defendants' conduct was the direct and proximate cause of Plaintiff's serious injuries and other damages.

50. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

## COUNT VI

## 42 U.S.C. § 1983 CLAIM AGAINST ALL DEFENDANTS FOR CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT

51. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

52. Upon information and belief, Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 subjected Plaintiff to cruel and unusual punishment by viciously attacking him and permitting the attack to continue without any attempt made to stop it.

53. Upon information and belief, Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 further subjected Plaintiff to cruel and unusual punishment by denying Plaintiff medical attention for the severe injuries he sustained during the aforementioned attack and for Plaintiff's preexisting medical conditions for approximately two weeks, despite Plaintiff's repeated pleas for medical attention.

54. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

**COUNT VII**

**42 U.S.C. § 1983 CLAIM AGAINST ALL DEFENDANTS FOR CRUEL AND UNUSUAL PUNISHMENT THROUGH DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS UNDER THE EIGHTH AMENDMENT**

55. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

56. Upon information and belief, , Plaintiff was suffering from Bipolar Disorder and Schizophrenia, and was taking medication for both conditions at the time of the subject incident.

57. Upon information and belief, Plaintiff informed Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 of his preexisting medical conditions and his need for medications for the same.

58. Upon information and belief, Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 had subjective knowledge and were on notice of Plaintiff's preexisting medical conditions and his need for medications for the same.

59. Upon information and belief, Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 subjected Plaintiff to cruel and unusual punishment by viciously attacking him and permitting the attack to continue without any attempt made to stop it.

60. Upon information and belief, Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 further subjected Plaintiff to cruel and unusual punishment by denying Plaintiff medical attention for the severe injuries he sustained during the aforementioned attack and for Plaintiff's preexisting medical conditions for approximately two weeks, despite Plaintiff's repeated pleas for medical attention.

61. Upon information and belief, Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 engaged in deliberate indifference to Plaintiff's serious medical needs that stemmed from the execution of an unconstitutional policy or practice.

62. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

**COUNT VIII**

**42 U.S.C. § 1983 CLAIM AGAINST ALL DEFENDANTS FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT**

63. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

64. Upon information and belief, Plaintiff suffered a serious deprivation of medical care while in Defendants' custody.

65. Upon information and belief, Defendants were actually aware of the substantial risk that this deprivation of medical care posed to Plaintiff.

66. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

**COUNT IX**

**42 U.S.C. § 1983 CLAIM AGAINST ALL DEFENDANTS FOR FIRST AMENDMENT RETALIATION**

67. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

68. Upon information and belief, Plaintiff engaged in speech and activities that were protected by the First Amendment to the United States Constitution.

69. Upon information and belief, Defendants' retaliatory actions against Plaintiff deprived him of his liberty and caused him to sustain serious physical and psychological injuries.

70. Upon information and belief, Defendants' retaliatory actions adversely affected Plaintiff's protected speech or activities by physically and/or procedurally preventing him from further pursuing said protected speech or activities, or by chilling the desire to further participate or engage in such protected speech or activities.

71. Accordingly, Plaintiff's right to engage in protected speech and activities, as guaranteed and protected by the First Amendment to the United States Constitution, was violated by Defendants.

72. As a direct and proximate result of this unlawful conduct, Plaintiff sustained serious physical and psychological injuries and was deprived Plaintiff of his liberty.

73. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

**COUNT X**

**42 U.S.C. § 1986 CLAIM FOR FAILURE TO PREVENT**

74. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

75. Upon information and belief, all Defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of his rights to engage in protected speech or activities, to be free from unreasonable searches and seizures, to be afforded a fair trial, to not be deprived of his liberty or property without due process of law, or of the privileges and immunities under the laws and constitutions of the United States and of the State of New York.

76. Upon information and belief, while Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 2-6 were present but did not actively participate in the aforementioned attack on Plaintiff and the subsequent conspiracy, they observed such conduct,

had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene and prevent such conduct.

77. Upon information and belief, all Defendants committed overt acts in furtherance of their conspiracy against Plaintiff.

78. Upon information and belief, Defendants' conspiracy was motivated by a desire to deprive Plaintiffs of his civil rights or because of some racial, otherwise class-based, invidious, or discriminatory animus.

79. Defendant COUNTY OF NASSAU is liable for the acts and omissions of Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 2-6 because the subject incident and surrounding conspiracies occurred while the aforementioned Defendants were acting within the scope of their employment.

80. Defendant NASSAU HEALTH CARE CORPORATION is liable for the acts and omissions of Defendants MEDICAL PERSONNEL JOHN DOE 1-6 because the subject incident and surrounding conspiracies occurred while the aforementioned Defendants were acting within the scope of their employment.

81. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

## COUNT XI

## CLAIM FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (ADA) AND REHABILITATION ACT

82. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

83. Upon information and belief, at the time that Plaintiff was received into the custody and care of Defendant COUNTY OF NASSAU, he suffered from a "disability" as that term is

defined by Title II of the Americans with Disabilities Act (hereinafter "ADA"). 42 U.S.C. § 12102(1).

84. Upon information and belief, at the time that Plaintiff was received into the custody and care of Defendant COUNTY OF NASSAU, his disability prevented him from performing "major life activities," as that term is defined by the ADA, including but not limited to protecting himself, caring for himself, caring for his medical conditions, and performing manual tasks. 42 U.S.C. § 12102(2).

85. Upon information and belief, at the time that Plaintiff was received into the custody and care of Defendant COUNTY OF NASSAU, Plaintiff was a "qualified individual with a disability" as that term is defined by the ADA. 42 U.S.C. § 12131(2).

86. At all times herein mentioned, Defendant COUNTY Of NASSAU is a "public entity" as that term is defined by the ADA. 42 U.S.C. § 1213 l(l)(a) and (b).

87. Upon information and belief, Defendant COUNTY Of NASSAU, their agents, servants, and employees, discriminated against Plaintiff due to his disability, in violation of Title II of the ADA and Section 504 of the Rehabilitation Act. 42 U.S.C. § 12101, 29 U.S.C. § 794.

88. Upon information and belief, Defendant COUNTY Of NASSAU, their agents, servants, and employees, discriminated against Plaintiff with respect to the acts and omissions associated with their custody, care, and control of Plaintiff, in violation of Title II of the ADA and Section 504 of the Rehabilitation Act 42 U.S.C. § 12101, 29 U.S.C. § 794.

89. Upon information and belief, Defendant COUNTY Of NASSAU, their agents, servants, and employees, discriminated against Plaintiff by failing to provide him with reasonable and adequate accommodations; by failing to provide Plaintiff with accommodations that met his safety and security needs; and in other acts and omissions discriminating against Plaintiff, all in

violation of Title II of the ADA and Section 504 of the Rehabilitation Act. 42 U.S.C. § 12101, 29 U.S.C. § 794.

90. By reason of the foregoing discriminatory acts and omissions of Defendant COUNTY Of NASSAU, their agents, servants, and employees, and the failure of said defendant to cure same, Plaintiff was caused to experience physical, psychological, and emotional pain and suffering, and in other respects was damaged.

91. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

## COUNT XII

## 42 USC §§ 1981 AND 1983 CLAIM FOR DEPRIVATION OF RIGHTS AND DENIAL OF EQUAL PROTECTION OF THE LAWS

92. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

93. Plaintiff is a member of a racial minority and is a disabled person.

94. Upon information and belief, Defendants discriminated against Plaintiff on the basis of his race, color, national origin, ancestry, gender, religion, religious practice, age, disability, and/or sexual orientation.

95. Upon information and belief, Defendants engaged in selective treatment of Plaintiff in comparison to others similarly situated.

96. Upon information and belief, Defendants' discriminatory treatment of Plaintiff was based on invidious and malicious considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff for the exertion of his Constitutional rights, or a malicious or bad faith intent to injure Plaintiff.

97. Upon information and belief, Defendants applied facially neutral laws and practices against Plaintiff in a discriminatory manner.

98. Upon information and belief, Defendants' application of facially neutral laws and practices against Plaintiff that caused Plaintiff harm were motivated by a discriminatory animus.

99. Defendants did not possess a ration basis, excuse, or legal justification for applying any laws, statutes, or practices against Plaintiff.

100. As such, Defendants deprived Plaintiff of rights and denied him equal protection of the laws.

As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

## COUNT XII

## CLAIM FOR MUNICIPAL LIABILITY

101. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

102. Upon information and belief, Defendant COUNTY OF NASSAU, its employees, agents, and/or servants, failed to take any necessary steps to prevent the subject occurrence; failed to properly train its employees, agents, and/or servants in medical treatment and care procedures for those individuals that are incarcerated at the Nassau County Correctional Center; failed to control and supervise its employees, agents, and/or servants; failed to prevent the aforesaid pain and suffering, exacerbation of preexisting medical conditions, and permanent psychological injuries to Plaintiff; and were otherwise reckless, careless, and negligent.

103. Upon information and belief, that as a result of the above-referenced recklessness, carelessness, negligence, and/or deliberate indifference, Plaintiff was caused to sustain pain and

suffering due to the failure of all Defendants to provide proper medical attention and treatment to Plaintiff, as well as the exacerbation of preexisting medical conditions.

104. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

## COUNT XIV

## PENDENT CLAIM FOR UNREASONABLE AND EXCESSIVE FORCE

105. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

106. Upon information and belief, Defendant NASSAU COUNTY CORRECTIONS OFFICER JOHN DOE 1 used unreasonable and excessive force on Plaintiff by striking Plaintiff in the face/head multiple times while Plaintiff behaving in a non-violent, non-aggressive manner.

107. Upon information and belief, Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 2-6 assisted in the aforementioned use of unreasonable and excessive force by standing in a manner that intimidated Plaintiff while blocking a nearby video camera from capturing the incident, and by failing to stop the attack from continuing.

108. Upon information and belief, Plaintiff did not respond with force or aggression at any point during Defendant NASSAU COUNTY CORRECTIONS OFFICER JOHN DOE 1's vicious attack.

109. Defendant COUNTY OF NASSAU is liable for the aforementioned unreasonable and excessive use of force by Defendant NASSAU COUNTY CORRECTIONS OFFICER JOHN DOE 1 and the acts of Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 2-6 because the unreasonable and excessive use of force occurred while the aforementioned Defendants were acting within the scope of their employment.

110. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

## COUNT XV

## PENDENT CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

111. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

112. All Defendants owed Plaintiff, an inmate in Defendants' custody, a duty of care.

113. Upon information and belief, all Defendants and their agents, servants, and/or employees, breached that duty and negligently caused or negligently permitted serious emotional and physical harm to be inflicted upon Plaintiff without any excuse or justification.

114. Upon information and belief, Plaintiff's physical safety was unreasonably endangered due to Defendants' negligence.

115. Upon information and belief, Plaintiff was caused to fear for his safety due to Defendants' negligence.

116. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

## COUNT XVI

## PENDENT CLAIM FOR NEGLIGENCE

117. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

118. All Defendants owed Plaintiff, an inmate in Defendants' custody, a duty of care.

119. Upon information and belief, all Defendants and their agents, servants, and/or employees, breached that duty and negligently caused or negligently permitted serious harm to be inflicted upon Plaintiff without any excuse or justification.

120. Upon information and belief, Defendants' negligence was the direct and proximate cause of Plaintiff's injuries.

121. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

## COUNT XVII

## PENDENT CLAIM FOR NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION

122. Plaintiff repeats and reiterates every allegation contained in the prior paragraphs of this Complaint with the same force and effect as if alleged herein.

123. Defendant COUNTY OF NASSAU owed a duty of care to Plaintiff to adequately hire, train, retain, and supervise its employees, including Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6.

124. Upon information and belief, Defendant COUNTY OF NASSAU breached said duty of care.

125. Upon information and belief, Defendant COUNTY OF NASSAU placed Defendants NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 in a position where they could inflict harm.

126. Upon information and belief, Defendant COUNTY OF NASSAU knew or should have known of its employees' propensity for committing civil rights violations.

127. Upon information and belief, Defendant COUNTY OF NASSAU failed to take reasonable measures in hiring, training, retaining, and supervising its employee defendants that would have prevented Plaintiff from suffering serious injuries.

128. Defendant COUNTY OF NASSAU's failure to take reasonable measures in hiring, training, retaining, and supervising its employees was the direct and proximate cause of Plaintiff's injuries.

129. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against all Defendants, and punitive damages against the individual Defendants, together with attorney's fees, costs, and disbursements.

**WHEREFORE**, Plaintiff demands judgment pursuant to 42 United States Code, Sections 1981, 1983, 1985, 1986, 12132, Title II of the Americans with Disabilities Act, and for attorneys' fees under Section 1988, and for his State statutory and common law claims, for monetary compensation, for pain and suffering, loss of reputation, and punitive damages; and on all Claims, in the amount of Twelve Million dollars ($12,000,000.00) against the Defendants, for whatever further and other relief this Court deems just and proper, together with the costs and disbursements of this action.

Dated: Islip, New York
December 6, 2024

Yours, etc.,

PANETTA AMINOV, PC
*Attorneys for Plaintiff*
250 Carleton Avenue
East Islip, NY 11730
Tel: (631) 446-4411
Fax: (631) 446-4477
File No.: 2024-00035
Frank@palawpc.com

By: ______________________
**FRANK C. PANETTA, ESQ.**

**DEFENDANTS' ADDRESSES:**

**COUNTY OF NASSAU**
c/o NASSAU COUNTY ATTORNEY
One West Street
Mineola, New York 11501

**NASSAU HEALTH CARE CORPORATION**
2201 Hempstead Turnpike
Nassau, East Meadow, NY, 11554

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

HANDHEL CARRE,

**VERIFICATION**

Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 (names that are fictitious), Individually, NASSAU HEALTH CARE CORPORATION, and MEDICAL PERSONNEL JOHN DOE 1-6 (names that are fictitious), Individually,

Defendants.

-------------------------------------------------------------------------X

I, HANDHEL CARRE, affirm the following under penalties of perjury:

I am the Plaintiff in the within action; I have read the foregoing SUMMONS and COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief; and as to those matters, I believe them to be true.

I affirm this 6 day of December, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: December 6, 2024
Islip, New York

HANDHEL CARRE