UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
HANDHEL CARRE,

Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-6 (names that are fictitious), Individually, NASSAU HEALTH CARE CORPORATION, and MEDICAL PERSONNEL JOHN DOE 1-6 (names that are Fictitious), Individually,

Defendants.
--------------------------------------------------------------X

**Index No.: 25 CV 00087**

**MOTION FOR DISCOVERY**

**SANCTIONS PURSUANT TO FED. R. CIV. P. 37**

Hon. Steven L. Tiscione,
United States Magistrate Judge,

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that, upon the annexed Declaration of Frank Panetta, Esq., dated June _____ 2026, and the exhibits thereto, the accompanying Memorandum of Law, and upon all prior pleadings and proceedings had herein, Plaintiff Handhel Carre, by his attorneys, PANETTA AMINOV, P.C., will move this Court, before the Honorable Steven L. Tiscione, United States Magistrate Judge, at the United States Courthouse, 100 Federal Plaza, Central Islip, New York 11722, at a date and time to be set by the Court, for an Order pursuant to Rules 37(a), 37(b), and 37(e) of the Federal Rules of Civil Procedure:

1. Compelling Defendants, the County of Nassau, and the Nassau County Correction's Department (collectively, the "County Defendants") to produce, within fourteen (14) days, all surveillance, closed-circuit television, body-worn, and hand-held video recordings of the intake, booking, holding, and infirmary areas of the Nassau County Correctional Center

for October 27, 2023 and for the period October 27, 2023 through November 20, 2023, together with all metadata, retention logs, and chain-of-custody records relating thereto;

2. Compelling the County Defendants to produce, within fourteen (14) days, the complete investigation file concerning Plaintiff's use-of-force incident and resulting injuries, including without limitation all use-of-force reports, incident and unusual-incident reports, supervisory reviews, witness and officer statements, infirmary and medical-incident records, photographs, and any internal-affairs, Sheriff's, Corrections or other investigative materials;

3. Awarding Plaintiff the reasonable expenses, including attorney's fees, incurred in making this motion, pursuant to Fed. R. Civ. P. 37(a)(5)(A);

4. In the alternative, to the extent any responsive video recordings or investigative materials have been lost, destroyed, altered, or were never preserved, imposing spoliation sanctions pursuant to Fed. R. Civ. P. 37(e), including a curative order under Rule 37(e)(1) and, upon a finding that Defendants acted with the intent to deprive Plaintiff of the information's use in this litigation, an adverse-inference instruction under Rule 37(e)(2) permitting or directing the trier of fact to presume that the lost evidence was unfavorable to Defendants; and

5. Granting such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Court's Individual Practice Rules and Local Civil Rule 37.3, the undersigned has conferred, or attempted in good faith to confer, with counsel for Defendants in an effort to resolve the issues raised herein without Court intervention, as set forth in the annexed Declaration.

Dated: June 18, 2026
East Islip, New York

Respectfully,

Frank C. Panetta, Esq.
**PANETTA AMINOV, P.C**
*Attorney for Plaintiff*
250 Carleton Ave.
East Islip, New York 11730
Tel: 631-446-4411
Fax: 631-446-4477

TO:

LAW OFFICES OF ALEXANDER V. SANSONE
Alexander V. Sansone
*Attorney for Defendant*
245 Hillside Avenue
Williston Park, NY 11596
Tel: 516-742-4076

OFFICE OF THE COUNTY ATTORNEY
Steven Vincent Dalton
*Attorney for Defendant*
1 West St.
Mineola, NY 11501
Tel: 516-571-3057

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
HANDHEL CARRE,

Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL OFFICERS JOHN DOE 1-6 (names that are fictitious), Individually, NASSAU HEALTH CARE CORPORATION, and MEDICAL PERSONNEL JOHN DOE 1-6 (names that are Fictitious), Individually,

Defendants.
----------------------------------------------------------------------X

**DECLARATION OF FRANK PANETTA, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS**

**Index No.: 25 CV 00087**

**FRANK PANETTA, ESQ.**, an attorney duly admitted to practice before this Court, declares the following to be true under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a member of the firm PANETTA AMINOV, P.C., attorneys for Plaintiff Handhel Carre. I am fully familiar with the facts and circumstances set forth herein based upon my review of the file maintained by this office, the pleadings, the parties' discovery exchanges, and Plaintiff's medical and custodial records. I submit this Declaration in support of Plaintiff's motion for an Order, pursuant to Fed. R. Civ. P. 37, compelling discovery and imposing sanctions against the County Defendants for their failure to produce critical video evidence and the investigation file concerning the assault on, and injuries sustained by, Plaintiff while in custody.

2. This is a civil-rights action brought under 42 U.S.C. § 1983. Plaintiff alleges that, on or about October 27, 2023, while he was being processed for intake at the Nassau County

Correctional Center ("NCCC"), he was subjected to excessive force by Nassau County Correction Officers and was thereafter denied timely and adequate medical care for the resulting facial fractures.

3. Specifically, Plaintiff alleges that, when he was unable to immediately comply with an order to change out of his street clothes—due to his physical and mental disabilities—Correction Officer "John Doe 1" struck him in the head, knocking him to the floor, and continued to punch him in the face and head at least nine additional times, while Correction Officers "John Doe" 2 through 6 positioned their bodies so as to obstruct a fixed security camera from capturing the assault. The deliberate obstruction of the camera is itself alleged in the operative pleading and is central to the present motion.

4. The custodial and medical record confirms both the injuries and a troubling pattern of non-documentation. The Nassau County Medical Prescreening for Plaintiff (Booking ID 2023002751) reflects his report of a "broken face," and contemporaneous custodial entries record facial swelling. Notwithstanding, an intake/medical note dated November 15, 2023, states that physical examination showed "no trauma." Two days later, on November 17, 2023, a CT scan revealed a comminuted, depressed fracture of the left zygomatic arch, with a chronic infection attributed to the absence of soft-tissue edema over the fractures—findings consistent with a serious injury that had gone undocumented and untreated for weeks. Plaintiff ultimately underwent surgical repair of the zygomatic arch on or about December 5, 2023.

5. The two categories of discovery at issue in this motion are, therefore, of singular importance: (a) the surveillance video of the NCCC intake, booking, holding, and infirmary areas, which would depict (or, by its absence or obstruction, corroborate) the assault; and (b) the County's internal investigation of the use of force and of Plaintiff's injuries. Both categories are squarely

within the possession, custody, or control of the County Defendants and bear directly on liability, the individual officers' identities, and the County's policies, customs, and supervision under Monell.

6. The agreed upon completion date as listed on the Discovery Plan Worksheet for Phase I of discovery was May 27, 2025, *Exhibit A* to which Defendants failed to fully comply.

7. Completion of **all discovery** as set by the Discovery Plan Worksheet was December 28, 2025. Defendants served a response on or about December 10, 2025. A (copy) of the email from Matthew Rozea is annexed as *Exhibit B*. Defendants' response was yet again deficient and evasive: Defendants produced no video and no investigation file for the correct date. Under Fed. R. Civ. P. 37(a)(4), such an evasive or incomplete disclosure is treated as a failure to respond.

8. As per a Telephone Conference before Magistrate Judge Steven L. Tiscione on January 26, 2026, Defendants were directed to provide the IAB file for the incident resulting in Plaintiff needing surgery as the provided file was "missing the most important part" *Exhibit C.* During a telephone conference on February 25, 2026, Defendants stated they were unable to locate the relevant internal affairs records with the Sheriff's Department and requested that the Police Department provide any records of Plaintiff's arrest and/or internal affairs investigations *Exhibit D*. On March 27, 2026, Defendants stated they were still working on locating necessary documents *Exhibit E.* Again, on April 24, 2026 Defendants still did not provide the requested record *Exhibit F.* During the last meet-and-confer held on June 2, 2026, the undersigned advised counsel for the County Defendants of the deficiencies, identified the specific items withheld, and requested a date certain for production or, alternatively, a sworn explanation of the search conducted and the disposition of any video that once existed. Defendants [failed to respond] / [declined to produce

the materials or to provide a sworn accounting]. The parties are at an impasse, and this motion is necessary *Exhibit G.*

9. The duty to preserve the video and investigative materials attached no later than the dates on which Plaintiff filed his inmate grievances complaining of the assault and his injuries (in or about November and December 2023), and certainly upon Defendants' receipt of Plaintiff's notice of claim and the commencement of this action. The County was thus on clear notice of pending litigation while any responsive surveillance video remained within its retention window.

10. Accordingly, and for the reasons set forth in the accompanying Memorandum of Law, Plaintiff respectfully requests that the Court grant the relief sought in the Notice of Motion in its entirety, together with such other relief as the Court deems just.

Dated: June 18, 2026
East Islip, New York

Respectfully,

[signature]

Frank C. Panetta, Esq.
**PANETTA AMINOV, P.C**
*Attorney for Plaintiff*
250 Carleton Ave.
East Islip, New York 11730
Tel: 631-446-4411
Fax: 631-446-4477

TO:

LAW OFFICES OF ALEXANDER V. SANSONE
Alexander V. Sansone
*Attorney for Defendant*
245 Hillside Avenue
Williston Park, NY 11596
Tel: 516-742-4076

OFFICE OF THE COUNTY ATTORNEY
Steven Vincent Dalton
*Attorney for Defendant*

1 West St.
Mineola, NY 11501
Tel: 516-571-3057

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
HANDHEL CARRE,

Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL OFFICERS JOHN DOE 1-6 (names that are fictitious), Individually, NASSAU HEALTH CARE CORPORATION, and MEDICAL PERSONNEL JOHN DOE 1-6 (names that are Fictitious), Individually,

Defendants.
--------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DISCOVERY**

**SANCTIONS**

**Index No.: 25 CV 00087**

## PRELIMINARY STATEMENT

This motion concerns the County Defendants' refusal to produce the two pieces of evidence most likely to prove—or disprove—the central allegations of this civil-rights action: the surveillance video of the area in which Plaintiff alleges he was beaten by Nassau County Correction Officers, and the County's own investigation of that use of force and of the serious facial fractures Plaintiff sustained in custody. The record already reflects an alarming gap between what happened to Plaintiff's body and what the County's contemporaneous records say happened: a custodial note dated November 15, 2023 reports "no trauma," while a CT scan two days later documents a comminuted, depressed fracture of the left zygomatic arch with a chronic infection indicating weeks of untreated injury. The video and investigation file are the evidence that will resolve that contradiction. Defendants have withheld both.

Plaintiff respectfully submits that the Court should (i) compel production of the video and the investigation file under Rule 37(a); (ii) award Plaintiff his expenses under Rule 37(a)(5)(A);

and (iii) to the extent Defendants now contend that the video or investigative materials no longer exist or were never preserved, impose spoliation sanctions under Rule 37(e). The same conduct alleged in the pleadings—officers positioning themselves to block a fixed security camera—coupled with the County's false "no trauma" notations, supports a finding that any loss of this evidence was not innocent but was undertaken with the intent to deprive Plaintiff of its use, warranting an adverse-inference instruction under Rule 37(e)(2).

## STATEMENT OF RELEVANT FACTS

The facts are set forth in detail in the accompanying Declaration of Frank C. Panetta, Esq. ("Panetta Decl.") and are summarized here. On or about October 27, 2023, Plaintiff was processed for intake at the Nassau County Correctional Center. (Panetta Decl. ¶¶ 2–3.) When Plaintiff, who suffers from physical and mental disabilities, could not immediately comply with an order to change out of his street clothes, Correction Officer "John Doe 1" struck him in the head, knocked him to the floor, and continued to strike his face and head at least nine more times; Correction Officers "John Doe" 2 through 6 stood in a formation calculated to block a fixed security camera from recording the assault. (Id. ¶ 3.)

The medical evidence is consistent with a serious, untreated facial injury sustained in custody. Plaintiff reported a "broken face" at intake, and facial swelling was noted in the custodial record. (Id. ¶ 4.) Nonetheless, a November 15, 2023, note reflects a physical examination showing "no trauma.". On November 17, 2023, a CT scan revealed a comminuted, depressed fracture of the left zygomatic arch, with chronic infection attributed to the lack of soft-tissue edema over the fractures—findings consistent with an injury that had gone undocumented for weeks. (Id.) Plaintiff underwent surgical repair on or about December 5, 2023. (Id.)

Plaintiff served document demands seeking all videos of the intake, booking, holding, and infirmary areas for the relevant dates, and the County's complete use-of-force and injury-investigation file. (Id. ¶ 6.) Defendants' response produced neither and was otherwise evasive and incomplete. (Id. ¶ 7.) Despite the meet-and-confer efforts required by Local Civil Rule 37.3, Defendants have refused to produce the materials or to provide a sworn accounting of any search undertaken or of the fate of any video that once existed. (Id. ¶¶ 8–9.)

## ARGUMENT

### POINT I
### THE COURT SHOULD COMPEL PRODUCTION OF THE SURVEILLANCE VIDEO AND THE INVESTIGATION FILE UNDER RULE 37(a)

Federal Rule of Civil Procedure 26(b)(1) permits discovery of any non-privileged matter relevant to a claim or defense and proportional to the needs of the case. Where a party fails to produce documents or things responsive to a Rule 34 request, the requesting party may move to compel under Rule 37(a)(3)(B)(iv). An evasive or incomplete disclosure, answer, or response "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

There can be no serious dispute that the surveillance video and the use-of-force investigation are relevant and proportional. In an excessive-force action arising out of an in-custody assault, video of the location of the assault is the single most probative form of evidence available, and the County's own investigation bears directly on the individual officers' identities, the events of October 27, 2023, and the municipal liability theories under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 724, 98 S. Ct. 2018, 2053, 56 L. Ed. 2d 611 (1978) The materials are within the County Defendants' possession, custody, or control. Their refusal to produce—or their unexplained assertion that no such materials "exist"—cannot be squared with the County's recordkeeping obligations or with the contemporaneous documentary trail reflecting Plaintiff's

injuries. The Court should compel production within fourteen days (14) and, if Defendants maintain that responsive video no longer exists, should direct a sworn statement detailing the recording system, the retention period, the litigation hold (if any), and the disposition of the footage.

**POINT II**
**PLAINTIFF IS ENTITLED TO HIS REASONABLE EXPENSES UNDER RULE 37(a)(5)(A)**

When a motion to compel is granted—or when the requested discovery is produced only after the motion is filed—the Court "must" require the non-complying party, its attorney, or both, to pay the movant's reasonable expenses, including attorney's fees, unless the non-disclosure was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A). Here, Plaintiff has in good faith attempted to obtain the video and investigation file without Court intervention, as Rule 37(a)(1) and Local Civil Rule 37.3 require. Defendants offer no substantial justification for withholding the most basic evidence in an in-custody assault case. An award of the fees and costs incurred in bringing this motion is therefore warranted.

**POINT III**
**IF THE VIDEO OR INVESTIGATION HAS BEEN LOST OR DESTROYED, THE COURT SHOULD IMPOSE SPOLIATION SANCTIONS UNDER RULE 37(e)**

Should Defendants contend that responsive video or investigative materials no longer exist, the appropriate framework is Rule 37(e), which governs the loss of electronically stored information, including surveillance video. Sanctions are available where (1) the ESI (electronically stored information) should have been preserved in anticipation or conduct of litigation; (2) it is lost because a party failed to take reasonable steps to preserve it; and (3) it cannot be restored or replaced through additional discovery. Fed. R. Civ. P. 37(e). Each element is satisfied here.

First, the duty to preserve the evidence attached early. A litigant's duty to preserve evidence arises when it knows, or reasonably should know, that the evidence may be relevant to anticipated litigation. The County was on notice no later than Plaintiff's inmate grievances complaining of the assault and his untreated facial fractures, and unquestionably upon service of Plaintiff's notice of claim and the filing of this action—all of which fell within the ordinary retention window for jail surveillance video. (Panetta Decl. ¶ 10.)

Second, if the video is gone, it is because Defendants failed to take the reasonable step of placing a litigation hold and segregating the footage of the very incident Plaintiff was grieving. Third, video of a one-time event in a controlled custodial setting is, by its nature, irreplaceable; it cannot be reconstructed through other discovery.

Where these conditions are met and the Court finds that the requesting party has been prejudiced, Rule 37(e)(1) authorizes measures "no greater than necessary to cure the prejudice." Far more significantly, Rule 37(e)(2) authorizes the most serious measures, including an instruction that the jury may or must presume the lost information was unfavorable, or a presumption to that effect "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation."

The record supports precisely such a finding of intent. This is not a case of routine autodeletion of footage no one thought of saving. Plaintiff alleges that the officers themselves arranged their bodies to prevent the camera from capturing the assault which is a deliberate act to defeat the evidentiary value of the recording in real time. That conduct, combined with the County's contemporaneous "no trauma" and "no injuries" notations that are flatly contradicted by the radiologic confirmation of a comminuted facial fracture, permits the inference that any subsequent loss of the video and suppression of the investigation was not negligent but purposeful

and undertaken to deprive Plaintiff of evidence of his own beating. On such a showing, an adverse-inference instruction under Rule 37(e)(2) is warranted.

The Second Circuit has long recognized the district court's broad discretion to impose sanctions to remedy discovery abuse, to deter future misconduct, and to restore the prejudiced party to the position it would have occupied absent the spoliation. See, e.g., *Klipsch Grp., Inc. v. ePRO E-Com. Ltd.*, 880 F.3d 620, 636 (2d Cir. 2018); *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 163 (2d Cir. 2012); *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 781 (2d Cir. 1999). For ESI, Rule 37(e) now supplies the operative standard, and its "intent to deprive" requirement for the gravest sanctions is met by the deliberate conduct alleged here

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grants the motion in its entirety, compelling production of the surveillance video and the investigation file within fourteen days (14); awarding Plaintiff his reasonable expenses and attorney's fees under Rule 37(a)(5)(A); and, to the extent the video or investigation has been lost or destroyed, imposing spoliation sanctions under Rule 37(e), including an adverse-inference instruction under Rule 37(e)(2); together with such other and further relief as the Court deems just and proper.

Dated: June 18, 2026
East Islip, New York

Respectfully,

Frank C. Panetta, Esq.
**PANETTA AMINOV, P.C**
*Attorney for Plaintiff*
250 Carleton Ave.
East Islip, New York 11730
Tel: 631-446-4411
Fax: 631-446-4477

TO:

LAW OFFICES OF ALEXANDER V. SANSONE
Alexander V. Sansone
*Attorney for Defendant*
245 Hillside Avenue
Williston Park, NY 11596
Tel: 516-742-4076

OFFICE OF THE COUNTY ATTORNEY
Steven Vincent Dalton
*Attorney for Defendant*
1 West St.
Mineola, NY 11501
Tel: 516-571-3057

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
HANDHEL CARRE,

Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL OFFICERS JOHN DOE 1-6 (names that are fictitious), Individually, NASSAU HEALTH CARE CORPORATION, and MEDICAL PERSONNEL JOHN DOE 1-6 (names that are Fictitious), Individually,

Defendants.
---------------------------------------------------X

**PROPOSED ORDER**

**Index No.: 25 CV 00087**

Upon Plaintiff's motion for discovery sanctions pursuant to Fed. R. Civ. P. 37, the Declaration of Frank C. Panetta, Esq. and the exhibits thereto, the accompanying Memorandum of Law, and all prior proceedings herein, and after due deliberation, it is hereby:

1. ORDERED that the motion is GRANTED; and it is further

2. ORDERED that the County Defendants shall, within fourteen (14) days of the date of this Order, produce all surveillance, closed-circuit television, body-worn, and hand-held video recordings of the intake, booking, holding, and infirmary areas of the Nassau County Correctional Center for October 27, 2023 and for the period October 27, 2023 through November 20, 2023, together with all related metadata, retention logs, and chain-of-custody records; and it is further

3. ORDERED that the County Defendants shall, within fourteen (14) days of the date of this Order, produce the complete investigation file concerning Plaintiff's use-of-force incident and resulting injuries; and it is further

4. ORDERED that, should the County Defendants contend that any responsive video or investigative materials no longer exist, they shall, within fourteen (14) days, serve a sworn statement describing the recording system, the applicable retention period, any litigation hold, and the disposition of the materials; and it is further

5. ORDERED that Plaintiff is awarded the reasonable expenses, including attorney's fees, incurred in making this motion pursuant to Fed. R. Civ. P. 37(a)(5)(A), in an amount to be fixed upon submission of contemporaneous time records; and it is further

6. ORDERED that the Court reserves decision on Plaintiff's request for spoliation sanctions under Fed. R. Civ. P. 37(e), including an adverse-inference instruction under Rule 37(e)(2), pending the County Defendants' compliance with the foregoing.

Dated: Central Islip, New York
____________________, 2026

SO ORDERED.

______________________________
Hon. Steven L. Tiscione
United States Magistrate Judge

# EXHIBIT A

# DISCOVERY PLAN WORKSHEET

| Phase I (Pre-Settlement Discovery) | |
|---|---|
| **Deadline for completion of Rule 26(a) initial disclosures and HIPAA-compliant records authorizations:** | 04/11/2025 |
| **Completion date for Phase I Discovery as agreed upon by the parties:** *(Reciprocal and agreed upon document production and other discovery necessary for a reasoned consideration of settlement. Presumptively 60 days after Initial Conference.)* | 05/27/2025 |
| **Date for initial settlement conference:** *(Parties should propose a date approximately 10-15 days after the completion of Phase I Discovery, subject to the Court's availability)* | 06/11/2025 |
| **Phase II (Discovery and Motion Practice)** | |
| **Motion to join new parties or amend the pleadings:** *(Presumptively 15 days post initial settlement conference)* | 04/14/2025 |
| **First requests for production of documents and for interrogatories due by:** *(Presumptively 15 days post joining/amending)* | 04/29/2025 |
| **All fact discovery completed by:** *(Presumptively 3.5 months post first requests for documents/interrogatories)* | 07/29/2025 |
| **Exchange of expert reports completed by:** *(Presumptively 30 days post fact discovery)* | 08/29/2025 |
| **Expert depositions completed by:** *(Presumptively 30 days post expert reports)* | 09/29/2025 |
| **COMPLETION OF ALL DISCOVERY BY:** *(Presumptively 9 months after Initial Conference)* | **DECEMBER 28, 2025** |
| **Final date to take first step in dispositive motion practice:** *(Parties are directed to consult the District Judge's Individual Rules regarding such motion practice. Presumptively 30 days post completion of all discovery)* | January 26, 2025 |
| **Do the parties wish to be referred to the EDNY's mediation program pursuant to Local Rule 83.8?** | No. |

# EXHIBIT B

**CIVIL MINUTE ENTRY**

| | |
|---|---|
| BEFORE: | Magistrate Judge Steven L. Tiscione |
| DATE: | December 22, 2025 |
| TIME: | 11:00 A.M. |
| DOCKET NUMBER(S): | CV-25-87 (GRB) |
| NAME OF CASE(S): | Carre v. County of Nassau et al. |
| FOR PLAINTIFF(S): | Panetta |
| FOR DEFENDANT(S): | Sansone, Dalton |
| NEXT CONFERENCE(S): | Telephone Conference - January 26, 2026 at 2:00 p.m. |
| FTR/COURT REPORTER: | Not Recorded |

RULINGS FROM Telephone Conference :

New defense counsel for the County shall locate and produce the correct IAB file for the incident at issue (the file produced was for the correct Plaintiff but a different incident) and any video surveillance of the incident. The Court will hold a further telephone conference on January 26, 2026 at 2:00 p.m. Counsel for all parties must participate and shall connect to the conference through dial-in number 571-353-2301 with ID#179933855.

# EXHIBIT C

**CIVIL MINUTE ENTRY**

| | |
|---|---|
| BEFORE: | Magistrate Judge Steven L. Tiscione |
| DATE: | January 26, 2026 |
| TIME: | 2:00 pm |
| DOCKET NUMBER(S): | CV-25-0087 (GRB) |
| NAME OF CASE(S): | Carre v County of Nassau et al. |
| FOR PLAINTIFF(S): | Panetta |
| FOR DEFENDANT(S): | Sansone, Dalton |
| NEXT CONFERENCE(S): | Telephone Conference - February 25, 2026 at 2:00 p.m. |
| FTR/COURT REPORTER: | Not Recorded. |

RULINGS FROM Telephone Conference :

Defendants provided additional IAB files for Plaintiff but there still appears to be a missing file for the most important investigation. Defendants must provide the IAB file for the November 2023 incident resulting in Plaintiff needed surgery for his skull/jaw fracture. The Court will hold a further telephone conference on February 25, 2026 at 2:00 p.m. Counsel for all parties must participate and shall connect to the conference through dial-in number 571-353-2301 with ID#771869760.

# EXHIBIT D

**CIVIL MINUTE ENTRY**

| | |
|---|---|
| BEFORE: | Magistrate Judge Steven L. Tiscione |
| DATE: | February 25, 2026 |
| TIME: | 2:00 pm |
| DOCKET NUMBER(S): | 25cv-87-GRB-ST |
| NAME OF CASE(S): | Carre v. County of Nassau et al. |
| FOR PLAINTIFF(S): | Panetta |
| FOR DEFENDANT(S): | Sansone, Dalton |
| NEXT CONFERENCE(S): | Telephone Conference - March 27, 2027 at 2:00 p.m. |
| FTR/COURT REPORTER: | Not Recorded. |

RULINGS FROM Telephone Conference :

Defendants were unable to locate the relevant internal affairs records with the Sheriff's Department but intake documents seem to indicate that Plaintiff's injuries could have been caused during his arrest, and therefore might be with the Police Department. Accordingly, Defendants will request that the Police Department provide any records of Plaintiff's arrest and/or internal affairs investigations. The Court will hold a telephone conference on March 27, 2026 at 2:00 p.m. Counsel for all parties must participate and shall connect to the conference through dial-in number 571-353-2301 with ID#771869760.

# EXHIBIT E

**CIVIL MINUTE ENTRY**

| | |
|---|---|
| BEFORE: | Magistrate Judge Steven L. Tiscione |
| DATE: | March 27, 2026 |
| TIME: | 2:00 p.m. |
| DOCKET NUMBER(S): | 25cv87-GRB-ST |
| NAME OF CASE(S): | Carre v. County of Nassau et al. |
| FOR PLAINTIFF(S): | Panetta |
| FOR DEFENDANT(S): | Sansone, Dalton |
| NEXT CONFERENCE(S): | Telephone Conference - April 24, 2026 at 2:30 p.m. |
| FTR/COURT REPORTER: | Not Recorded. |

RULINGS FROM Telephone Conference :

Parties are continuing to work on locating necessary documents. Defendants have produced some records and evidence from the police department but it appears that there may also be missing records from as yet unidentified arrest. Plaintiff's counsel will also confer with Plaintiff to see if it is possible to narrow down the dates for the alleged incident to make it easier to locate the missing records. The Court will hold a further telephone conference on April 24, 2026 at 2:30 p.m. Counsel for all parties must participate and shall connect to the conference through dial-in number 571-353-2301 with ID#771869760.

# EXHIBIT F

**CIVIL MINUTE ENTRY**

| | |
|---|---|
| BEFORE: | Magistrate Judge Steven L. Tiscione |
| DATE: | April 24, 2026 |
| TIME: | 2:30 p.m. |
| DOCKET NUMBER(S): | 25cv87 (GRB)(ST) |
| NAME OF CASE(S): | Carre v. County of Nassau, et al., |
| FOR PLAINTIFF(S): | Panetta |
| FOR DEFENDANT(S): | Sansone & Dalton |
| NEXT CONFERENCE(S): | |
| FTR/COURT REPORTER: | Not Recorded |

RULINGS FROM Telephone Conference :

Parties report that they are still working on locating missing records from the internal affairs investigation. The Court will hold a further telephone conference on May 27, 2026 at 11:30 a.m. Counsel for all parties must participate and shall connect to the conference through dial-in number 571-353-2301 with ID#771869760.

# EXHIBIT G

**CIVIL MINUTE ENTRY**

| | |
|---|---|
| BEFORE: | Magistrate Judge Steven L. Tiscione |
| DATE: | June 2, 2026 |
| TIME: | 11:30 a.m. |
| DOCKET NUMBER(S): | 25cv87-GRB-ST |
| NAME OF CASE(S): | Carre v. County of Nassau et al. |
| FOR PLAINTIFF(S): | Panetta |
| FOR DEFENDANT(S): | Sansone, Dalton |
| NEXT CONFERENCE(S): | |
| FTR/COURT REPORTER: | Not Recorded. |

RULINGS FROM Telephone Conference :

Defendants have still been unable to locate any records of an investigation into Plaintiff's injuries. Plaintiff intends to review everything that has been provided and may file a motion for sanctions based on the lack of records. Parties will confer and submit a letter to the Court by June 16, 2026 with proposed dates for a settlement conference.